**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PARESH DOSHI, an individual,
and JITENDRA DOSHI, an individual,

                          Plaintiffs,

vs.                                                                Case No.  3:17-cv-308-J-34JRK

CAGLE ROAD LAND LLC, an inactive
Florida limited liability company,
MAHENDRA F DOSHI, an individual,
MAHESH DOSHI, an individual, and RYAN
K BURRESS, an individual,

                          Defendants.

_____/

## **REPORT AND RECOMMENDATION**[1]

### **I.  Status**

      This cause is before the Court on Defendants' Motion to Dismiss Complaint (Doc. No.

5; "Motion"), filed April 25, 2017.  Plaintiffs oppose the Motion.  See Response to Defendants'

Motion to Dismiss Complaint (Doc. No. 7; "Response"), filed May 9, 2017.  The Motion has

been referred to the undersigned for a report and recommendation regarding an appropriate

resolution.  See Order (Doc. No. 13), entered October 4, 2017.

_____

        [1]      "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## II.  Background

Plaintiffs Paresh Doshi and Jitendra Doshi commenced this action on March 16, 2017 by filing a Complaint (Doc. No. 1) against Defendants Cagle Road Land LLC ("Cagle Road"), Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress.  Plaintiffs bring claims for fraudulent misrepresentation (count I), fraudulent concealment (count II), negligent misrepresentation (count III), and breach of fiduciary duty (count IV) evidently against all Defendants, and conspiracy to defraud (count V) against the individual Defendants.

The Complaint alleges generally as follows.  Plaintiffs are citizens of the state of New York, and the individual Defendants are citizens of the state of Florida (with Mahesh Doshi and Ryan K. Burress living in Jacksonville).  Compl. at 1-2 ¶¶ 2-6.  "Defendant Cagle Road is an inactive Florida limited liability company with its principal place of business in Jacksonville, Duval County, Florida."  Id. at 2 ¶ 7.  "Cagle Road's members were Defendant Ryan Burress, Defendant Mahesh Doshi, and CRLAG FLA, LLC, whose members were Defendant Mahesh Doshi and Defendant Ryan Burress."  Id.  "As such, Cagle Road is a citizen of the state of Florida."  Id.  "Cagle Road is named as a Defendant because the relief sought involves the rescission of the sale of Cagle Road."  Id.

According to the Complaint, in 2006, Plaintiff Jitendra Doshi and Defendant Mahesh Doshi, as owners of D & D of Jax, Inc., purchased property located at 5719 Cagle Road, Jacksonville, Florida 32216 ("the Property").  Id. at 3 ¶ 10.  The Property was purchased for $600,000.00 from Doshi, Inc.  Id.  Defendant Mahesh Doshi executed the 2006 deed.  Id.  Years later, in 2009, Plaintiff Jitendra Doshi and Defendant Mahesh Doshi "agreed to put

ownership of the Property in Cagle Road which was owned by [Plaintiff] Paresh Doshi and [Defendant] Mahendra Doshi." Id. at 3 ¶ 11.

The Complaint alleges that Plaintiff "Paresh Doshi owned Cagle Road as agent or proxy for [Plaintiff] Jitendra Doshi, and [Defendant] Mahendra Doshi owned Cagle Road as agent or Proxy for [Defendant] Mahesh Doshi." Id. "Although equal partners with [Plaintiffs] Jitendra Doshi and Paresh Doshi, [Defendants] Mahesh Doshi and Mahendra Doshi were located in Jacksonville and dealt with the day-to-day operations and details of Cagle Road and the Property." Id. at 3 ¶ 12.

According to the Complaint, in early 2013, Defendant "Mahesh Doshi began a campaign to convince [Plaintiffs] to sell Cagle Road for a price well below fair market value of the Property." Id. at 3 ¶ 13. The Complaint alleges that "[a]s part of these efforts, [Defendant] Mahesh Doshi made false statements to [Plaintiffs] regarding the value of the Property, the condition of the Property, and the potential liability of the Property." Id. at 3 ¶ 14. The Complaint then lists these false statements (the "False Statements") as follows:

a. a false broker's report grossly undervaluing the Property;
b. a false estimate regarding the remediation or repair needed at the Property, including false contractor's reports;
c. false representations regarding statements and demands made by the City regarding the Property, such as the City's recent condemnation of the Property and upkeep requirements of the Property; and
d. false statements regarding expenses and potential liability.

Id. at 3-4 ¶ 14. The Complaint further alleges that, "[i]n addition to the False Statements, Mahesh Doshi intentionally withheld critical information concerning the buyer of the Property." Id. at 4 ¶ 15.

Plaintiffs allege that "[b]ased on Defendants' false statements regarding the value of the Property and withholding of information about the Buyer, [Plaintiff] Jitendra Doshi agreed to the sale of Cagle Road to [buyer CRLAG FLA, LLC (hereinafter "the Buyer")] for $20,000.00 in 2013." Id. at 4 ¶ 16.  The Buyer was believed by Plaintiffs to be an unrelated third party. Id. at 4 ¶ 15 (alleging that Defendant "Mahesh Doshi implied that the [B]uyer . . . was an unrelated third-party").  "As part of the sale of Cagle Road, the parties entered into a Transfer of Membership Interest (the 'Agreement') in April 2013" in which the parties agreed that if any litigation were to arise from the Agreement, the prevailing party would be entitled to fees.  Id. at 4-5 ¶¶ 18-19, Ex. A (the Agreement).  The parties to the Agreement are Defendant Mahendra F. Doshi, Plaintiff Paresh Doshi (the sellers under the Agreement) and Buyer.  Id. at Ex. A p.1.  According to the Agreement, the sellers, who are represented to be the "sole members of [Cagle Road]," agree to transfer 100% interest in Cagle Road to the Buyer in exchange for the valuable consideration of $20,000.00.  Id.

After the sale was consummated, Plaintiffs allege they "discovered the Buyer was an entity controlled by [Defendant] Mahesh Doshi and only ostensibly owned by [Defendant Ryan K.] Burress who was an employee of Mahesh Doshi." Id. at 4 ¶ 15.  Evidently unbeknownst to Plaintiffs until after the sale, Defendant Mahesh Doshi "was added as a manager of Buyer in November 2015." Id. at 5 ¶ 24.  According to the Complaint, "[a]bsent the False Statements and concealment of information regarding the Buyer, [Plaintiffs] Jitendra Doshi and Paresh Doshi would not have sold the company whose sole asset was the Property." Id. at 4 ¶ 17.

Plaintiffs allege that in 2016, despite making no substantial repairs to the Property or addressing any remediation concerns, and "with little change in the condition of the Property or the real estate market in general, the Buyer sold the Property for $775,000, approximately thirty-eight times the sale in 2013." Id. at 5 ¶¶ 21-22. Defendant "Mahesh Doshi executed the deed to the third-party for the 2016 sale." Id. at 5 ¶ 24. The same broker was used for both the 2013 and the 2016 sales. Id. at 5 ¶ 23. "[Upon] information and belief, the broker in 2016 valued the Property at $775,000.00." Id.

The Complaint goes on to make specific allegations with respect to each count. Id. at 5-12. Those allegations, together with some of the more general ones, are addressed in detail below.

### III.  Parties' Arguments

Although not organized as such, a review of Defendants' Motion shows it seeks dismissal of Plaintiffs' Complaint on three different grounds: (1) failure to properly allege standing with respect to Plaintiff Jitendra Doshi; (2) failure to state certain causes of action against Defendants; and (3) failure to plead the fraud and related counts with particularity. See generally Motion.

For the first ground, Defendants assert that although Plaintiff Paresh Doshi is represented in the Complaint to have owned Cagle Road as an agent or proxy for Plaintiff Jitendra Doshi, the Complaint "does not allege how the agent or proxy relationship . . . was established, the authority granted, the responsibilities owed, or the conditions upon which said relationship would be terminated, and there are no documents attached to [] Plaintiffs' [C]omplaint supporting the same." Motion at 4. Accordingly, argue Defendants, Plaintiff

Jitendra Doshi cannot "establish 'injury-in-fact[,'] any causal connection between any 'injury-in-fact' and the actions of [] Defendants, or that a favorable decision in Plaintiffs['] favor would redress said injury." Id. at 5 (citation omitted).  Defendants also contend that even if these matters are established, Plaintiff Jitendra Doshi "has failed to demonstrate it is likely, as opposed to merely speculative, that any alleged injury will be redressed by a favorable decision." Id. (citation omitted).

Responding to the first ground, Plaintiffs argue that "Jitendra Doshi has been injured by the actions of [] Defendants, and as such, he has standing to bring the claim."  Response at 9.  Plaintiffs assert that their allegation in the Complaint regarding "Jitendra Doshi [being] the real owner of [Cagle Road]" suffices to confer standing.  Id. at 10 (citation omitted). Plaintiffs also point out that, with respect to the agency allegation, they are not attempting to prove an agency relationship between adverse parties; rather, they are alleging it "as part of the factual background to the Complaint." Id. (citation omitted).  Therefore, according to Plaintiffs, they "need not plead the elements of an agency relationship or additional information related to the agency relationship." Id. at 11.

For the second and third grounds, Defendants attack specific allegations with respect to each count and argue either that they are without sufficient detail to amount to a cause of action, or do not contain the required particularity for fraud, or both.  See Motion at 5-9. Defendants also argue with respect to each count that they are unable to determine the actual damages sought by Plaintiffs. See id.  Responding to the second and third grounds, Plaintiffs point out that "Defendants do not argue that Plaintiffs have failed to plead any one element of the five claims."  Response at 4.  Plaintiffs then go on to detail the sufficiency of

their allegations and the particularity of them (to the extent particularity is required).  Id. at 4-9.[2]

## IV.  Discussion

For ease of discussion, the undersigned addresses Defendants' second and third arguments together, followed by Defendants' first argument.  At the outset, the undersigned notes that the Complaint does not indicate which state's law Plaintiffs are proceeding under, and the parties do not address this matter directly in their Motion and Response.  The Agreement attached to the Complaint states that it "shall be construed and enforced in accordance with the laws of Florida."  Compl. at Ex. A p. 2.  Accordingly, it is assumed herein that Florida law applies.

## A.  Sufficiency of Allegations/Particularity for Fraud and Fraud-Related Claims

In reviewing and deciding a motion to dismiss premised on Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), "the court limits its consideration to the pleadings and exhibits attached thereto."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation omitted); see also Contour Spa at the Hard Rock v. Seminole Tribe of Fla., 692 F.3d 1200, 1201 (11th Cir. 2012) (in reviewing an order on a motion to dismiss, stating that the Court "take[s] as true the facts alleged in [the] complaint and attached

---

[2]    Plaintiffs, after defending the allegations, alternatively "request[ed] leave to amend their Complaint to address [any] deficiencies."  Response at 11.  On May 10, 2017, the Honorable Marcia Morales Howard denied the request without prejudice, finding that it is inappropriate to seek affirmative relief in a response to a motion; that Plaintiffs did not set forth the substance of the proposed amendment; that they did not include a memorandum of legal authority in support of the request; and that they did not confer in good faith with opposing counsel regarding the relief requested.  See Order (Doc. No. 8).  "Plaintiffs [were] advised that, if they wish to pursue such relief, they are required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court."  Id. at 2.  Plaintiffs never renewed the request.

exhibits"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted). A plaintiff's factual allegations, even though taken as true and in the light most favorable to plaintiff, must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 570.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The same is true regarding a claim for conspiracy to commit fraud, see Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1067-68 (11th Cir. 2007), and for a claim for negligent misrepresentation under Florida law, see Chapman v. Abbott Labs., 930 F. Supp. 2d 1321, 1324 (M.D. Fla. 2013) (citations omitted); Kilmer v. Howmedica Osteonics Corp., No. 5:14-cv-456-Oc-34PRL, 2015 WL 5915950, at *6 (M.D. Fla. Oct. 8, 2015) (unpublished) (citations omitted). Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal quotation and citation omitted); see also Inman v. Am. Paramount Fin.,

-8-

517 F. App'x 744, 748 (11th Cir. 2013) (quotation and citation omitted).  "Further, Rule 9(b) must be read in conjunction with Rule 8(a), . . . which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief."  <u>Brooks</u>, 116 F.3d at 1371 (quotation and citation omitted).

> Regarding the particularity requirement:
>
> "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

<u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1237 (11th Cir. 2008) (quoting <u>Tello v. Dean Witter Reynolds, Inc.</u>, 494 F.3d 956, 972 (11th Cir. 2007)); <u>see also</u> <u>Brooks</u>, 116 F.3d at 1371 (citation omitted).  A plaintiff is not, however, required "to allege specific facts related to the defendant's state of mind when the allegedly fraudulent statements were made."  <u>Mizzaro</u>, 544 F.3d at 1237; <u>see also</u> Fed. R. Civ. P. 9(b).  In other words, "under Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent."  <u>Mizzaro</u>, 544 F.3d at 1237.

### 1.  Count I (Fraudulent Misrepresentation)

A claim for fraudulent misrepresentation under Florida law requires: "'(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.'"  <u>Hearn v. Int'l Bus. Machs.</u>, 588 F. App'x 954, 956-57 (11th Cir. 2014) (emphasis omitted) (quoting <u>Butler v.</u>

Yusem, 44 So.3d 102, 105 (Fla. 2010)).   In addition, as noted above, the particularity requirements of Rule 9(b) must be met.

Defendants' challenges to count I mainly go to the sufficiency of the particularity allegations.  Defendants claim that the "'false statements' [alleged in the Complaint give no] additional detail as to the nature of the 'false statements[,'] their relevance, or the circumstances rendering the same false."  Motion at 5; see id. at 6.  Defendants also assert that "Plaintiffs have failed to state with particularity the facts and circumstances warranting any relief from Defendants[.]"  Id. at 6.  Responding, Plaintiffs argue they "have stated the time, place, and substance of the alleged fraud with sufficient particularity to put Defendants on notice of the fraudulent . . . misrepresentation."  Response at 5.

In addition to including the general allegations, count I alleges the fraudulent nature of the statements and representations as follows.  "To convince Plaintiffs to sell their interest in Cagle Road, [Defendant] Mahesh Doshi made the False Statements regarding facts material to Plaintiffs' decision to sell [Cagle Road] and the Property."  Compl. at 6 ¶ 27.  As further detail, the Complaint in count I alleges that "[i]n a January 2013 email, [Defendant] Mahesh Doshi made several false statements concerning expenses related to the Property and the Property's liability."  Id. at 6 ¶ 28.  "In the same email, [Defendant] Mahesh Doshi falsely implied that the Property had been recently condemned by the City."  Id.  In addition, "[a]s part of the Agreement, [Defendant] Mahesh Doshi included a representation based on his knowledge of Cagle Road that $20,000.00 was a fair and adequate price to pay for the company."  Id. at 6 ¶ 29.

-10-

Count I goes on to allege that Defendant "Mahesh Doshi . . . provided a false brokerage report indicating the Property's value was well below fair market value." Id. at 6 ¶ 30. According to this count, Defendant "Mahesh Doshi also provided false statements from contractors concerning costs of repairing the buildings on the Property, grossly exaggerating the repair costs." Id. at 6 ¶ 31.

Finally with respect to the fraud, count I alleges that Defendant "Mahesh Doshi made these statements with knowledge of their falsity" and with "specific intent to induce Plaintiffs to act on the False Statements." Id. at 6 ¶ 32-33. Plaintiffs also allege they relied on these false statements in selling Cagle Road and the Property, and but for the false statements, they would not have sold them. Id. at 6-7 ¶¶ 34-35.

While the particularity requirement is sufficiently met with respect to some of the allegations in count I, there are fatal flaws that must be corrected. First, the allegations regarding Defendant Mahesh Doshi providing a false brokerage report and providing false statements from contractors, see Compl. at 6 ¶¶ 30-31, are not sufficiently particular in that they do not include the time and place, see Mizzaro, 544 F.3d at 1237 (requiring "time and place of each such statement"), and they do not give sufficient content to show the manner in which Plaintiffs were misled, see id. (requiring "the content of such statements and the manner in which they misled the plaintiffs"). Second, the particularity allegations of count I focus entirely on Defendant Mahesh Doshi, but it appears that all Defendants are named in this count. See Compl. at 5-7.[3] "[I]n a case involving multiple defendants[,] the complaint

---

[3]     Only count V of the Complaint names specific Defendants in its title. See Compl. at 11 ("Count V–Conspiracy to Defraud Against Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress") (emphasis and capitalization omitted). All other counts generically refer in the wherefore clauses to
(continued...)

should inform each defendant of the nature of his [or her] alleged participation in the fraud."
Brooks, 116 F.3d at 1381; see also Dugas v. 3M Co., 101 F. Supp. 3d 1246, 1255 (M.D. Fla. 2015) (finding that the plaintiff's "lumping all of Defendants together [was] fatal" to his fraud claim).  Count I does not do so with respect to all of the individual Defendants, and based on the allegations that are set forth, it does not appear that there is a cognizable cause of action against the individual Defendants other than Mehesh Doshi (if the particularity requirements are later satisfied).

For the foregoing reasons, count I is due to be dismissed without prejudice.

## 2. Count II (Fraudulent Concealment)

A claim for fraudulent concealment under Florida law requires: "'(1) the defendant concealed or failed to disclose a material fact; (2) the defendant knew or should have known the material fact should be disclosed; (3) the defendant knew [his] concealment of or failure to disclose the material fact would induce the plaintiffs to act; (4) the defendant[] had a duty to disclose the material fact; and (5) the plaintiffs detrimentally relied on the misinformation.'" Aprigliano v. Am. Honda Motor Co., Inc., 979 F. Supp. 2d 1331, 1342 (S.D. Fla. 2013) (internal alterations omitted) (quoting Philip Morris USA, Inc. v. Hess, 95 So.3d 254, 259 (Fla. 4th DCA 2012)).  In addition, as noted above, the particularity requirements of Rule 9(b) must be met.  See id.

---

[3](...continued)
"Defendants."  See id. at 7 (count I), 8 (count II), 10 (count III), 11 (count IV) (in each count, "demand[ing] judgment against Defendants").  It is possible that Mehesh Doshi and Cagle Road are the only two Defendants intended to be named in counts I through IV, but the undersigned cannot tell for sure.  Given the lack of specification of Defendants in the titles of counts I through IV, it is more likely that all Defendants were intended to be named in those counts.  See also Response at 5 (arguing that "the Complaint puts Defendants on notice of the fraudulent information provided to Plaintiffs").  Thus, it is assumed that counts I through IV are intended to be brought against all Defendants.

Defendants argue that "Plaintiffs allege information was intentionally not disclosed or concealed without giving any additional detail as to how, or why the information was material, how [] Defendants intentionally failed to disclose, or actively conceal the same, or how [] Defendants knew or should have known of the materiality of the information."  Motion at 6. Defendants also assert Plaintiffs do not show "how [] Defendants actually damaged [] Plaintiffs[.]"  Id.  Responding, Plaintiffs argue that they have pled this count with sufficient particularity, and Defendants are attempting to demand more than is required.  Response at 6-8.

Count II, in addition to incorporating the general False Statements, alleges that Defendant "Mahesh Doshi intentionally failed to disclose material information and, in fact, actively concealed material information."  Compl. at 7 ¶ 38.  It then specifies that Defendant "Mahesh Doshi failed to disclose and actively concealed that Mahesh Doshi controlled the Buyer and was an interested participant in the ownership and operation of the Buyer."  Id. at 7 ¶ 39.  As to timing, count II alleges this occurred "[i]n the lead up to the sale in 2013," when Defendant "Mahesh Doshi implied that the Buyer was unrelated when in fact Mahesh Doshi was part of the ownership of the Buyer and had an interest in the 2013 sale."  Id. at 7 ¶ 40.

Even more specifically, count II states that "[i]n an April 2013 email, [Defendant] Mahesh Doshi expressed concern about 'loosing' [sic] the sale to the Buyer thereby deliberately concealing the fact that Mahesh Doshi had an interest in the Buyer."  Id. at 8 ¶ 41 (purportedly quoting email).  "As Mahesh Doshi was in essence the Buyer, there was no possibility of 'loosing' [sic] the sale."  Id. (purportedly quoting email).  Further, in the Agreement, Defendant "Mahesh Doshi included language regarding the value of Cagle Road

to the Buyer, suggesting that the Buyer lacked information about the value of the Company and the Property," when "[i]n reality, the Buyer knew everything about Cagle Road and the Property, since Mahesh Doshi was on both sides of the transaction." Id. at 8 ¶ 42.  Plaintiffs finally allege that "[t]he true identity of the Buyer was material to Plaintiffs, and if they had known of this information, they would not have concluded the sale." Id. at 8 ¶ 43.

The allegations in count II, to the extent they have been challenged by Defendants, suffice with respect to Defendant Mehesh Doshi.  For the same reasons stated in Section IV.A.1, however, they do not suffice with respect to the remaining individual Defendants.  Accordingly, count II is due to be dismissed without prejudice to the extent it is brought against Defendants Mahendra F. Doshi and Ryan K. Burress.

### 3.  Count III (Negligent Misrepresentation)

The elements of a claim for negligent misrepresentation under Florida law are: "(1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." Levine v. Wyeth Inc., 684 F. Supp. 2d 1338, 1347 (M.D. Fla. 2010) (citing Baggett v. Electricians Local 915 Credit Union, 620 So.2d 784, 786 (Fla. 2d DCA 1993)).  A plaintiff must also show that the defendant owed him or her a duty of care.  See id. (citation omitted).  In addition, as noted above, the Rule 9(b) requirements must be met for this claim.  See Chapman, 930 F. Supp. 2d at 1324 (citations omitted).

Defendants' challenges to count III focus mainly on the sufficiency of the particularity required for this cause of action.  Defendants argue the following.  First, the alleged false statements set forth in this count do not have sufficient "detail as to the nature of the alleged 'false statements[,'] their relevance, or the circumstances rendering the same false."  Motion at 7.  Second, "Plaintiffs fail to support any of their conclusory allegations with a plain and concise statement of facts, and despite [] Plaintiffs citing an email, and a false brokerage report estimate, the same are not attached to their Complaint, or otherwise described in sufficient detail for [] Defendants to know what reports or estimates [] Plaintiffs are referencing."  Id. (emphasis omitted).  Responding, Plaintiffs rely on the same arguments they asserted in support of count I (for fraudulent misrepresentation).  See Response at 4-6.

The allegations in count III that support the claim for negligent misrepresentation are as follows.  First, the general False Statements made by Mehesh Doshi are incorporated into this count.  Compl. at 9 ¶ 46.  More specifically, Plaintiffs allege that "[i]n a January 2013 email, [Defendant] Mahesh Doshi made several false statements concerning expenses related to the Property and the Property's liability."  Id. at 9 ¶ 47.  "In the same email, [Defendant] Mahesh Doshi falsely implied that the Property had been recently condemned by the City."  Id.  Further, "[a]s part of the Agreement, [Defendant] Mahesh Doshi included a representation based on his knowledge of Cagle Road that $20,000.00 was a fair and adequate price to pay for the company."  Id. at 9 ¶ 48. Count III then alleges that Defendant Mehesh Doshi "provided a false brokerage report indicating the Property's value well below fair market value," id. at 9 ¶ 49; and he "provided false statements from contractors concerning costs of repairing the buildings on the Property, id. at 9 ¶ 50. Count III also

alleges Defendant Mahesh Doshi's knowledge of the false statements; intent to induce Plaintiffs to rely on them; and actual reliance by Plaintiffs.  Id. at 9 ¶¶ 51-53.

While the particularity requirement is sufficiently met with respect to some of the allegations in count III, there are other fatal flaws that must be corrected.  First, just as with count I, the allegations in count III regarding Defendant Mahesh Doshi providing a false brokerage report and providing false statements from contractors, see id. at 9 ¶¶ 49-50, are not sufficiently particular in that they do not include the time and place, see Mizzaro, 544 F.3d at 1237 (requiring "time and place of each such statement"), and they do not give sufficient content to show the manner in which Plaintiffs were misled, see id. (requiring "the content of such statements and the manner in which they misled the plaintiffs").  Second, the allegation that "[i]n a January 2013 email, [Defendant] Mahesh Doshi made several false statements related to the Property and the Property's liability," Compl. at 9 ¶ 47, is not precise enough and does not give sufficient content to show how the statements misled Plaintiffs, see Mizzaro, 544 F.3d at 1237.[4]  Third, just as with count I, the particularity allegations of count III focus entirely on Defendant Mahesh Doshi, but it appears that all Defendants are named in this count.  See Compl. at 8-10; supra n.3.  Count III does not inform each Defendant of his or her alleged participation in the negligent misrepresentation.  See Brooks, 116 F.3d at 1381. Further, based on the allegations that are set forth, it does not appear that there is a cognizable cause of action against the individual Defendants other than Mehesh Doshi (if the particularity requirements are later satisfied).

---

[4] Although it is not necessary (as Defendants suggest it is, see Motion at 7) to attach the email and brokerage estimate report to the Complaint, the allegations must contain more than they do to satisfy Rule 9(b).

For the foregoing reasons, count III is due to be dismissed without prejudice.

### 4. Count IV (Breach of Fiduciary Duty)

A claim for breach of fiduciary under Florida law "must plead: (1) existence of a fiduciary duty; (2) a breach of that duty; and (3) that such breach was the proximate cause of plaintiff's damages." Med & Chiropractic Clinic, Inc. v. Oppenheim, 246 F. Supp. 3d 1329, 1332 (M.D. Fla. 2017) (citing Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002)).

Defendants acknowledge that "Plaintiffs allege a fiduciary duty exists as a result of Defendants' relationship with Plaintiffs." Motion at 7.  But, according to Defendants, "Plaintiffs do not give any specific facts or additional allegations describing the alleged relationship between [] Defendants, and themselves." Id.  At least with respect to Defendant Mehesh Doshi, Defendants are mistaken.

Count IV alleges three "sources" from which a fiduciary duty stems:

> First, [Defendant] Mahesh Doshi owed Plaintiffs a fiduciary duty by virtue of his superior knowledge of the value of Cagle Road and the Property.  Second, as a member of Cagle Road, [Defendant] Mahesh Doshi had a duty to reveal his interest in or ownership of the Buyer and thus, his conflict of interest.  Third, as a joint venturer with Plaintiffs, [Defendant] Mahesh Doshi had a duty to reveal all material facts to Plaintiffs.[5]

Compl. at 10 ¶ 57.  Further, count IV alleges that "[a]s a fiduciary, [Defendant] Mahesh Doshi had an obligation not only to avoid the False Statements he made to Plaintiff, but also an obligation to reveal all material information such as his ownership of or interest in the Buyer." Id. at 10 ¶ 58.  Count IV also alleges breach "by making the False Statements to Plaintiffs

---

[5]      Defendants do not challenge the allegation that Mehesh Doshi was a joint venturer with Plaintiffs.  See Motion at 7-8.  Under Florida law, the partners to a joint venture "owe a fiduciary duty to each other, and this includes a duty to disclose material facts to one another." Bluesky Greenland Envtl. Sols., LLC v. 21st Century Planet Fund, LLC, 985 F. Supp. 2d 1356, 1365 (S.D. Fla. 2013) (citing, inter alia, Sheridan Healthcorp, Inc. v. Amko, 993 So.2d 167 (Fla. 4th DCA 2008)).

and by failing to disclose his interest in and ownership of the Buyer," and damages as a result of the breach, "specifically[,] entering into the Agreement for the sale of Cagle Road and the Property at a fraction of the value." Id. at 11 ¶¶ 59-60. These allegations suffice as to Defendant Mahesh Doshi. They do not, however, suffice to allege a cognizable cause of action with respect to the remaining individual Defendants. Accordingly, count IV is due to be dismissed without prejudice to the extent it is brought against Defendants Mahendra F. Doshi and Ryan K. Burress.

### 5. Count V (Conspiracy to Defraud Against Individual Defendants)

"The elements that a plaintiff must allege for a conspiracy claim are that 1) two or more parties 2) agree 3) to commit an unlawful act." Am. United Life Ins. Co., 480 F.3d at 1067. "Under Florida law, the 'gist of a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff.'" Id. (quoting Czarnecki v. Roller, 726 F. Supp. 832, 840 (S.D. Fla.1989)). In addition, as noted previously, the fraud allegations must be pled with particularity. See id.

As previously noted, the conspiracy to defraud claim is brought against Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress. In seeking to dismiss it, Defendants argue as follows. "Plaintiffs state an agreement was reached by the named Defendants to defraud [] Plaintiffs without providing any information as to when, or where the agreement was reached, or the essential terms of the same." Motion at 8. Defendants also repeat the same arguments made previously regarding the fraud counts. Id. at 9. Responding, Plaintiffs observe that "defendants do not take issue with failure to plead any one element, but make general and unsupported assertions regarding a perceived lack of specificity a[s] to the other

elements of the conspiracy count." Response at 9. According to Plaintiffs, "[t]his level of detail is not required by Rule 8." Id.

Count V alleges that the three individual Defendants "had an agreement between them to defraud Plaintiffs of their ownership of Cagle Road through the sale of their interest in Cagle Road for a grossly undervalued amount." Compl. at 11 ¶ 62. This allegation is sufficient to allege the existence of a conspiracy generally. See Am. United Life Ins. Co., 480 F.3d at 1067. Count V further alleges that "the False Statements were an unlawful act as they were made with the specific intent to defraud [] Plaintiffs" and "[t]he False Statements made by Mahesh Doshi were an overt act in furtherance of the conspiracy to defraud [Plaintiffs] Jitendra Doshi and Paresh Doshi." Id. at 11 ¶¶ 63, 64. Further, count V alleges that Plaintiffs "reasonably relied on the False Statements made by Mehesh Doshi in furtherance of the conspiracy." Id. at 12 ¶ 65. This count, however, does not detail with sufficient specificity the who, what, when, where, and how. See Mizzaro, 544 F.3d at 1237. Accordingly, count V, for conspiracy to defraud, is due to be dismissed without prejudice in its entirety.

### 6. Damages

Defendants argue with respect to each count that the damages are not adequately calculated and that they do not know what the damages include. See Motion at 6, 7, 8, 9. Defendants do not cite any legal authority to support their argument. See id. Plaintiffs contend "damages are not required to be pled with specificity." Response at 6. In any event, they provide an approximation of damages in the Response: "Defendants' fraud has damaged Plaintiffs in the amount of $337,500.00 (half of the estimated value of the Property)

minus the amount already paid to Plaintiffs for the sale of [Cagle Road] in 2013, i.e., $10,000.00." Id.

"Rule 8(a)(3) merely requires 'a demand for the relief sought,'" Soliday v. 7-Eleven, Inc., No. 2:09-cv-807-FtM-29SPC, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011) (unpublished) (quoting Fed. R. Civ. P. 8(a)(3)), "which may include relief in the alternative or different types of relief," Fed. R. Civ. P. 8(a)(3). "A Rule 12(b)(6) motion therefore cannot challenge the demand for relief, since that motion tests the legal sufficiency of allegations." Alevsky v. GC Servs. Ltd. P'Ship, No. 13-cv-6793 (JG), 2014 WL 1711682, at *1 (E.D.N.Y. Apr. 30, 2014) (unpublished).

Here, the Complaint in each count seeks "judgment against Defendants in an amount to be proven at trial, or alternatively, the rescission of the Agreement, along with costs, attorney's fees, and all other relief the Court deems just and proper." Compl. at 7, 8, 10, 11, 12 (wherefore clauses). These allegations comply with Rule 8(a)(3), and in any event, are not properly challenged by this type of motion. See Alevsky, 2014 WL 1711682, at *1.

## B. Standing of Plaintiff Jitendra Doshi

A plaintiff "must satisfy three requirements to have standing under Article III of the Constitution: (1) 'injury in fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.'" Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001)). If a plaintiff does not

have standing to bring a claim, the Court lacks subject-matter jurisdiction.[6]  See, e.g., id.  "[A]t the pleading stage, 'a complaint must state a plausible claim' that the elements of standing are satisfied, and when deciding whether the plaintiff's assertion of standing is plausible, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations."  Nucor Steel-Arkansas, 246 F. Supp. 3d at 301 (quotations and citations omitted).

Here, the challenged portion of the Complaint with respect to Plaintiff Jitendra Doshi alleges the following:

> In 2009, [Plaintiff] Jitendra Doshi and [Defendant] Mahesh Doshi agreed to put ownership of the Property in Cagle Road which was owned by [Plaintiff] Paresh Doshi and [Defendant] Mahendra Doshi. [Plaintiff] Peresh Doshi owned Cagle Road as agent or proxy for [Plaintiff] Jitendra Doshi, and [Defendant] Mahendra Doshi owned Cagle Road as agent or proxy for [Defendant] Mahesh Doshi."

Compl. at 3 ¶ 11.

Focusing only on this paragraph, Defendants argue that Plaintiff Jitendra Doshi lacks standing to bring the claims against them.  Motion at 2-5.   According to Defendants, the

---

[6]        The Motion incorrectly challenges the standing of Jitendra Doshi as one brought pursuant to Rule 12(b)(2), which addresses the Court's personal jurisdiction.  See Motion at 2; Fed. R. Civ. P. 12(b)(2).  Rather, the applicable rule for a challenge of this type is Rule 12(b)(1), which addresses the Court's subject-matter jurisdiction.  See, e.g., Nucor Steel-Arkansas v. Pruitt, 246 F. Supp. 3d 288, 301 (D.D.C. 2017) (stating that "Courts consider motions to dismiss a complaint for lack of standing pursuant to [Rule] 12(b)(1)) (citation omitted).  Challenges to a Court's subject matter jurisdiction can be facial or factual.  See, e.g., Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).  "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion."  Id. (citing Lawrence, 919 F.2d at 1529).  "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings."  Id. (citing Lawrence, 919 F.2d at 1529); see also Houston, 733 F.3d at 1335-36.  As Defendants' attacks here to go the allegations of the Complaint, they have raised a facial attack, and the Court takes the allegations of the Complaint as true.

Complaint lacks sufficient information or allegations to determine "the establishment of an agent or proxy relationship between [Plaintiffs]." Id. at 4.  More specifically, Defendants assert that the Complaint does not allege "the authority granted, the responsibilities owed, or the conditions upon which said relationship would be terminated, and there are no documents attached to Plaintiffs' [C]omplaint supporting the same." Id.

Responding, Plaintiffs contend that they have sufficiently alleged Jitendra Doshi suffered an injury-in-fact. Response at 10.  Further, regarding the agency or proxy allegation, Plaintiffs state that they "are not attempting to prove an agency relationship between adverse parties, but are alleging one exists between them as part of the factual background to the Complaint." Id. (citations omitted).  Thus, according to Plaintiffs, they are not required to "plead the elements of an agency relationship or additional information related to the agency relationship." Id. at 11.

A review of the Complaint as a whole demonstrates that Plaintiff Jitendra Doshi has alleged enough to confer standing at this stage.  As noted above, the general allegations state that Jitendra Doshi, together with Defendant Mahesh Doshi, initially purchased the Property.  Compl. at 3 ¶ 10.  They then agreed to put ownership of the Property in Cagle Road, which was actually owned by Plaintiff Paresh Doshi and Defendant Mahendra Doshi. Id. at 3 ¶ 11. The general allegations do state that Plaintiff Paresh Doshi owned Cagle Road as an "agent or proxy" for Plaintiff Jitendra Doshi, id., but Plaintiffs' causes of action are grounded in allegations that they both suffered direct injuries-in-fact, see id. at 5-12.  In other words, the causes of action brought by Jitendra Doshi are not grounded in or based upon an agency relationship, although the existence of one (or a proxy relationship) may be relevant.

Indeed, according to the Complaint, Jitendra Doshi is the Plaintiff who agreed to the sale of the Property based on the alleged false statements and representations. See id. at 4 ¶ 16. Upon review, the undersigned is satisfied that at this stage Plaintiff Jitendra Doshi has adequately alleged standing to bring the claims in that there is a direct injury-in-fact alleged, a causal connection between the asserted injury-in-fact and the challenged action of at least one of Defendants, and the injury would be redressed by a favorable decision. See Houston, 733 F.3d at 1328.

## V.  Conclusion

In accordance with the foregoing, it is

**RECOMMENDED THAT**:

1.      Defendants' Motion to Dismiss Complaint (Doc. No. 5) be **GRANTED in part and DENIED in part**;

2.      The Motion be **GRANTED** to the following extent:

   A.      Counts I, III, and V should be **DISMISSED without prejudice** in their entirety; and

   B.      Counts II and IV should be **DISMISSED without prejudice** to the extent they are brought against Defendants Mahendra F. Doshi and Ryan K. Burress;

3.      The Motion otherwise be **DENIED**; and

    4.      Plaintiffs be permitted to amend the Complaint within **fourteen (14) days** of the entry of an Order on the Motion.

    **RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 23, 2018.

**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record