# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PARESH DOSHI and JITENDRA DOSHI,

    Plaintiffs,

vs.

Case No. 3:17-cv-308-J-34JRK

CAGLE ROAD LAND LLC, et al.,

    Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 14; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on January 23, 2018. In the Report, Magistrate Judge Klindt recommends that Defendants' Motion to Dismiss Complaint (Doc. 5; Motion), filed on April 25, 2017, be granted, in part, and denied, in part. See Report at 23. Specifically, Judge Klindt recommends that the Court dismiss Counts I, III and V in their entirety, and dismiss the claims in Counts II and IV to the extent Plaintiffs assert these claims against Defendants Mahendra F. Doshi and Ryan K. Burress. Id. In all other respects, Judge Klindt recommends that the Court deny the Motion. Id. Additionally, Judge Klindt recommends that Plaintiffs be permitted to amend their complaint. Id. The parties have failed to file objections to the Report, and the time for doing so has now passed.

    The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review

of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.  In doing so, the Court seeks to clarify one matter. In the Complaint (Doc. 1), Plaintiffs allege that Cagle Road Land LLC (Cagle Road) "is named as a Defendant because the relief sought involves the rescission of the sale of Cagle Road."  See Complaint ¶7.  However, "[a]lthough Florida's courts have muddied the waters by confusing the law of remedies with underlying causes of action, a claim for 'rescission' is well-recognized under Florida law."  Ahern v. Fid. Nat'l Title Ins. Co., 664 F. Supp. 2d 1224, 1229 (M.D. Fla. 2009) (citing Billian v. Mobil Corp., 710 So. 2d 984, 991 (Fla. 4th DCA 1998) and Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So. 2d 614, 617 (Fla. 2d DCA 1965)); see also Bland v. Freightliner LLC, 206 F. Supp. 2d 1202, 1206 (M.D Fla. Apr. 15, 2002); but see Lowy v. German Creek Resorts, LLC, No. 5:07-cv-187/RS/MD, 2008 WL 725119, at *2 (N.D. Fla. Mar. 17, 2008) ("Rescission is not a cause of action, but an available remedy if the Plaintiff is successful on another count.").[1] Despite this, in the Complaint, Plaintiffs do not state an independent cause of action for rescission.  See generally Complaint.  Instead, in the wherefore clauses asserted at the

---

[1] Notably, the Court does not find Lowy persuasive because it is unpublished, and the court fails to cite any authority to support its assertion.

conclusion of Plaintiffs' claims for fraudulent misrepresentation (Count I), fraudulent concealment (Count II), negligent misrepresentation (Count III), and breach of fiduciary duty (Count IV), Plaintiffs seek damages, "or alternatively, the rescission of the Agreement." See Complaint at 7, 8, 10-11.

In the event Plaintiffs wish to pursue a cause of action for rescission, they would be required to plead such a claim, which under Florida law requires that a party allege:

> (1) The character or relationship of the parties; (2) The making of the contract; (3) The existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation; (4) That the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission[;] (5) If the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible[;] [and] (6) Lastly, that the moving party has no adequate remedy at law.

Ahern, 664 F. Supp. 2d at 1229 (quoting Crown Ice Mach. Leasing Co., 174 So. 2d at 617); see also Barber v. Am.'s Wholesale Lender, No. 8:12-cv-1124-T-27TBM, 2013 WL 1149316, at *3 (M.D. Fla. Mar. 19, 2013) (dismissing a claim for rescission due to the plaintiff's failure to allege facts sufficient to state a cause of action for rescission); Saittiewhaite v. Kula & Samson, LLP, No. 12-24178-CIV-ALTONAGA/Simonton, 2013 WL 12091098, at *6 (S.D. Fla. Feb. 25, 2013) (same); Chaney v. Crystal Beach Cap., LLC, No. 8:10-cv-1056-T-30TGW, 2011 WL 17638, at *4 (M.D. Fla. Jan. 4, 2011) (same); Moran v. Crystal Beach Cap., LLC, No. 8:10-cv-1037-T-30AEP, 2011 WL 17637, at **3-4 (M.D. Fla. Jan. 4, 2011) (same). Plaintiffs do not appear to have attempted to allege such a claim here. Because neither party addressed this pleading irregularity, the Court will take no action other than draw it to the parties' attention to be addressed in whatever manner

they deem appropriate.[2]   Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 14) is **ADOPTED** as the opinion of the Court.

2. Defendants' Motion to Dismiss Complaint (Doc. 5) is **GRANTED, in part, and DENIED, in part.**

    a. The Motion is granted to the extent that Counts I, III, and V are **DISMISSED without prejudice**, and Counts II and IV are **DISMISSED without prejudice** to the extent they are brought against Defendants Mahendra F. Doshi, Ryan K. Burress, and Cagle Road Land, LLC.

    b. The Motion is denied in all other respects.

3. If Plaintiffs wish to file a motion to amend the Complaint, they must file a properly supported motion for leave no later than **March 2, 2018**.   Before filing any such motion Plaintiffs must confer with opposing counsel in accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida.[3]

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of February, 2018.

MARCIA MORALES HOWARD
United States District Judge

---

[2]   The Court questions the necessity of separately naming Cagle Road, the entity that has allegedly been fraudulently sold, as a defendant, but will leave that matter for the parties to consider.

[3]   Although the Magistrate Judge recommends simply permitting Plaintiffs to file an amended complaint, the Court is of the view that given the procedural history of the case, they should be required to file a motion seeking leave to do so.   Plaintiffs did not avail themselves of the ability to amend as a matter of right.   Moreover, despite instruction from the Court regarding the manner to seek amendment before resolution of the instant Motion, see Order (Doc. 8), they opted not to do so.

Lc25

- 5 -

Copies to:

Counsel of Record