**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARESH DOSHI, an individual,
and JITENDRA DOSHI, an individual,

                   Plaintiffs,

vs.                                         Case No.  3:17-cv-308-J-34JRK

MAHENDRA F. DOSHI, an individual,
MAHESH DOSHI, an individual, and RYAN
K. BURRESS, an individual,

                   Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status

      This cause is before the Court on Defendants' Motion to Dismiss Amended Complaint (Doc. No. 22; "Motion"), filed March 27, 2018.  Plaintiffs oppose the Motion.  See Plaintiffs' Response to Defendants' Motion to Dismiss Amended Complaint (Doc. No. 27; "Response"), filed April 16, 2018.  The Motion has been referred to the undersigned for a report and recommendation regarding an appropriate resolution.  See Order (Doc. No. 34), entered October 4, 2018.

### II.  Background

      Plaintiffs Paresh Doshi and Jitendra Doshi commenced this action on March 16, 2017 by filing a Complaint (Doc. No. 1) against Defendants Cagle Road Land LLC ("Cagle Road"),

---

[1]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress.  Plaintiffs brought claims for fraudulent misrepresentation (count I), fraudulent concealment (count II), negligent misrepresentation (count III), and breach of fiduciary duty (count IV) evidently against all Defendants, and conspiracy to defraud (count V) against the individual Defendants. Defendants moved to dismiss the Complaint (Doc. No. 5), and the undersigned entered a Report and Recommendation on January 23, 2018 recommending dismissal in part (Doc. No. 14).  On February 15, 2018, the Honorable Marcia Morales Howard, United States District Judge, entered an Order (Doc. No. 15) adopting the Report and Recommendation; dismissing without prejudice Counts I, III, and V; and dismissing without prejudice Counts II and IV to the extent they were brought against Defendants Mahendra F. Doshi, Ryan K. Burress, and Cagle Road.

On March 13, 2018, Plaintiffs, as permitted (Doc. No. 18), filed the operative Amended Complaint (Doc. No. 20) against Defendants Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress.  In the Amended Complaint, Plaintiffs bring claims against Defendant Mahesh Doshi for fraudulent misrepresentation (count I), fraudulent concealment (count II), negligent misrepresentation (count III), and breach of fiduciary duty (count IV); and against all Defendants for conspiracy to defraud (count V).  See generally Am. Compl.

The Amended Complaint alleges generally as follows.  Plaintiffs are citizens of the state of New York, and Defendants are citizens of the state of Florida (with Mahesh Doshi and Ryan K. Burress living in Jacksonville).  Am. Compl. at 1-2 ¶¶ 2-6.  In 2006, Plaintiff Jitendra Doshi and Defendant Mahesh Doshi, as owners of D & D of Jax, Inc., purchased property located at 5719 Cagle Road, Jacksonville, Florida 32216 ("the Property").  Id. at 2 ¶ 9.  The Property was purchased for $600,000.00 from Doshi, Inc.  Id.  Defendant Mahesh

Doshi executed the 2006 deed.   Id.   Years later, in 2009, Plaintiff Jitendra Doshi and Defendant Mahesh Doshi "agreed to put ownership of the Property in Cagle Road . . . which was owned by [Plaintiff] Paresh Doshi and [Defendant] Mahendra Doshi."   Id. at 2 ¶ 10.

The Amended Complaint alleges that Plaintiff "Paresh Doshi owned Cagle Road as agent or proxy for [Plaintiff] Jitendra Doshi, and [Defendant] Mahendra Doshi owned Cagle Road as agent or Proxy for [Defendant] Mahesh Doshi."   Id.   "Although equal partners with [Plaintiffs] Jitendra Doshi and Paresh Doshi, [Defendants] Mahesh Doshi and Mahendra Doshi were located in Jacksonville and dealt with the day-to-day operations and the details of Cagle Road and the Property."   Id. at 3 ¶ 11.

According to the Amended Complaint, in early 2013, Defendant "Mahesh Doshi began a campaign to convince [Plaintiffs] to sell Cagle Road for a price well below fair market value of the Property."   Id. at 3 ¶ 12.   The Amended Complaint alleges that "[a]s part of these efforts, [Defendant] Mahesh Doshi made false statements to [Plaintiffs] regarding the value of the Property, the condition of the Property, and the potential liability of the Property."   Id. at 3 ¶ 13.   The Amended Complaint then lists these false statements (the "False Statements").   Id. at 3-4 ¶ 13.   The Amended Complaint further alleges that, "[i]n addition to the False Statements, Mahesh Doshi intentionally withheld critical information concerning the buyer of the Property," and goes on to detail that critical information.   Id. at 4 ¶ 14.

Plaintiffs allege that "[b]ased on [Defendant] Mahesh Doshi's False Statements and withholding of information about the [buyer, CRLAG FLA, LLC (hereinafter "the Buyer"), Plaintiff] Jitendra Doshi agreed to the sale of Cagle Road to Buyer for $20,000.00 in 2013." Id. at 4 ¶ 15.   The Buyer was believed by Plaintiffs to be an unrelated third party.   See id. at

4 ¶ 14 (alleging that Defendant "Mahesh Doshi implied that the [Buyer] was an unrelated third-party").

"As part of the sale of Cagle Road, the parties entered into a Transfer of Membership Interest (the 'Agreement') in April 2013" in which the parties agreed that if any litigation were to arise from the Agreement, the prevailing party would be entitled to fees.  Id. at 5 ¶¶ 17-18, Ex. A (the Agreement).  The parties to the Agreement are Defendant Mahendra F. Doshi, Plaintiff Paresh Doshi (the sellers under the Agreement) and Buyer.  Id. at Ex. A p.1. According to the Agreement, the sellers, who are represented to be the "sole members of [Cagle Road]," agree to transfer 100% interest in Cagle Road to the Buyer in exchange for the valuable consideration of $20,000.00.  Id.

After the sale was consummated, Plaintiffs allege they "discovered[] the Buyer was an entity controlled by [Defendant] Mahesh Doshi and only ostensibly owned by [Defendant Ryan K.] Burress who was [] Mahesh Doshi['s employee.]"  Id. at 4 ¶ 14.  Evidently unbeknownst to Plaintiffs until after the sale, Defendant Mahesh Doshi "was added as a manager of Buyer in November 2015."  Id. at 6 ¶ 23.  According to the Amended Complaint, "[a]bsent the False Statements and concealment of information regarding the Buyer, [Plaintiffs] Jitendra Doshi and Paresh Doshi would not have sold the company whose sole asset was the Property."  Id. at 5 ¶ 16.

Plaintiffs allege that in 2016, despite making no substantial repairs to the Property or addressing any remediation concerns, and "with little change in the condition of the Property or the real estate market in general, the Buyer sold the Property for $775,000.00, approximately thirty-eight times the sale in 2013."  Id. at 5 ¶¶ 20-21.  Defendant "Mahesh

Doshi executed the deed to the third-party for the 2016 sale." Id. at 6 ¶ 23.  The same broker was used for both the 2013 and the 2016 sales.  Id. at 5 ¶ 22.  "[Upon] information and belief, the broker in 2016 valued the Property at $775,000.00."  Id.

The Amended Complaint goes on to make specific allegations with respect to each count.  Id. at 6-14.  Those allegations, together with some of the more general ones, are addressed in detail below to the extent necessary to resolve the Motion.

### III.  Parties' Arguments

Defendants seek to dismiss counts IV and V of the Amended Complaint.  Motion at 7-12.  As noted, count IV is for breach of fiduciary duty against Mahesh Doshi, and count V is for conspiracy to defraud against all Defendants.  See Am. Comp. at 10, 11.

As to count IV, Defendants claim that Mahesh Doshi did not have a fiduciary duty to Plaintiffs.  Motion at 10.  Defendants focus on the allegation in the Amended Complaint that "Mahendra Doshi owned Cagle Road as an agent or proxy for Mahesh Doshi," Am. Compl. at 2 ¶ 10.  See Motion at 7-8.  Defendants argue that "[i]t is a legal impossibility for Cagle Road [] to be set up in the manner ple[]d in the Amended Complaint" because the Florida Statutes on limited liability corporations do not allow one individual to be a member of a corporation as an agent or proxy for another individual.  Id. (citations omitted).  Because it is not alleged that Mahesh Doshi had any other ownership interest in Cagle Road besides the legally impermissible one, Defendants argue that Mahesh Doshi "was not a manager, member, or agent" of Cagle Road and therefore "cannot breach a non-existent fiduciary duty."  Id. at 9-10.  Defendants acknowledge they "glossed over" this argument in their prior motion to dismiss, now stating that they previously "incorrectly thought the allegations [of the

-5-

Complaint] showed Mahesh Doshi was not an owner and could not have another own Cagle Road for him by agency or proxy." Id. at 9.

Responding, Plaintiffs contend that Defendants have waived the argument regarding count IV by not having raised it in their prior motion to dismiss. Response at 3-4. In addition, Plaintiffs assert that count IV properly states a cause of action because there are other bases in the Amended Complaint beside the ownership by proxy allegation for the creation of a fiduciary duty, i.e., allegations that Mahesh Doshi was a joint venturer and had superior knowledge. See Response at 4 n.1. Finally, Plaintiffs argue that "Mahesh Doshi controlled Cagle Road, prior to the 2013 sale, whether listed as an owner or not," and that, "[c]onsistent with his ownership role and as detailed in the Amended Complaint, Mahesh Doshi took many steps as an owner or manager of Cagle Road[.]" Id. at 5. Thus, say Plaintiffs, they "have sufficiently alleged the basis for Mahesh Doshi's fiduciary duty." Id.

As to count V, Defendants seek dismissal because, although Plaintiffs plead the existence of an agreement by Defendants to defraud, they allegedly do not "provid[e] any information as to when, or where the agreement was reached." Motion at 10-11. Then, Defendants focus on Ryan K. Burress and Mahendra Doshi and argue Plaintiffs "fail to state with particularity how [these Defendants] knew of, and/or agreed to the scheme to defraud Plaintiffs." Id.

Responding, Plaintiffs contend that "[c]ount V provides Defendants with sufficient notice of the conspiracy and alleges the fraud with sufficient particularity as required by" the Federal Rules of Civil Procedure ("Rule(s)"). Response at 5. Plaintiffs detail how they have put Defendants—especially Ryan K. Burress and Mahendra Doshi—on notice in the

Amended Complaint of their alleged conspiratorial agreement. Id. at 6-7. Plaintiffs argue that "[a]t this stage in the pleadings, [they] have provided the appropriate notice and information to Defendants regarding what they have allegedly done wrong, and Plaintiffs have alleged specific facts to infer that Mr. Burress and Mahendra Doshi knew or should have known of the conspiracy." Id. at 7.

## IV.  Discussion[2]

In reviewing and deciding a motion to dismiss premised on Rule 12(b)(6), "the court limits its consideration to the pleadings and exhibits attached thereto."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation omitted); see also Contour Spa at the Hard Rock v. Seminole Tribe of Fla., 692 F.3d 1200, 1201 (11th Cir. 2012) (in reviewing an order on a motion to dismiss, stating that the Court "take[s] as true the facts alleged in [the] complaint and attached exhibits").  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  Id. (quotation and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).  A plaintiff's factual

---

[2]   The Agreement attached to the Amended Complaint states that it "shall be construed and enforced in accordance with the laws of Florida."  Am. Compl. at Ex. A p. 2.  Accordingly, it is assumed herein that Florida law applies.

allegations, even though taken as true and in the light most favorable to plaintiff, must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 570.

## A. Count IV (Breach of Fiduciary Duty against Mahesh Doshi)

A claim for breach of fiduciary duty under Florida law "must plead: (1) existence of a fiduciary duty; (2) a breach of that duty; and (3) that such breach was the proximate cause of plaintiff's damages." Med & Chiropractic Clinic, Inc. v. Oppenheim, 246 F. Supp. 3d 1329, 1332 (M.D. Fla. 2017) (citing Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002)).

In the original Report and Recommendation on this issue, the undersigned, after addressing the arguments that Defendants made in their prior motion to dismiss count IV, found that Plaintiffs' allegations as to Defendant Mahesh Doshi sufficed and the count should stand as to this Defendant. See Report and Recommendation (Doc. No. 14) at 17-18. Defendants did not object to the finding, and it was adopted as the Court's opinion. See Order (Doc. No. 15). Count IV has not substantively changed since the finding was made and adopted. Compare Compl. (Doc. No. 1) at pp. 10-11, with Am. Compl. at 10-11. By admittedly "glossing over" this new legal impossibility argument in their first motion to dismiss but raising it in the instant Motion, Defendants have likely violated the consolidation rule. See Damian v. Int'l Metals Trading & Investments, Ltd., 243 F. Supp. 3d 1308, 1315 (S.D. Fla. 2017). That rule requires a defendant to "advance every available Rule 12 defense simultaneously rather than interposing these defenses and objections in piecemeal fashion." Id. (quoting Leyse v. v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 320 (3d Cir. 2015), and citing Fed. R. Civ. P. 12(g)(2)). In any event, for the reasons previously stated by the undersigned in the original Report and Recommendation (Doc. No. 14) at 17-18, Defendants' request to dismiss count IV is due to be denied.

**B.  Count V (Conspiracy to Defraud Against All Defendants)**

"The elements that a plaintiff must allege for a conspiracy claim are that 1) two or more parties 2) agree 3) to commit an unlawful act."  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1067 (11th Cir. 2007).  "Under Florida law, the 'gist of a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff.'"  Id. (quoting Czarnecki v. Roller, 726 F. Supp. 832, 840 (S.D. Fla.1989)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The same is true regarding a claim for conspiracy to commit fraud.  See Am. United Life Ins. Co., 480 F.3d at 1067-68.  Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal quotation and citation omitted); see also Inman v. Am. Paramount Fin., 517 F. App'x 744, 748 (11th Cir. 2013) (quotation and citation omitted).  "Further, Rule 9(b) must be read in conjunction with Rule 8(a), . . . which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief."  Brooks, 116 F.3d at 1371 (quotation and citation omitted).

Regarding the particularity requirement:

"Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008) (quoting Tello v. Dean Witter Reynolds, Inc., 494 F.3d 956, 972 (11th Cir. 2007)); see also Brooks, 116 F.3d at 1371 (citation omitted).  A plaintiff is not, however, required "to allege specific facts related to the defendant's state of mind when the allegedly fraudulent statements were made." Mizzaro, 544 F.3d at 1237; see also Fed. R. Civ. P. 9(b).  In other words, "under Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." Mizzaro, 544 F.3d at 1237.

Here, count V alleges that Defendants "had an agreement between them to defraud Plaintiffs of their ownership of Cagle Road through the sale of their interest in Cagle Road for a grossly undervalued amount."  Am. Compl. at 12 ¶ 59. Count V further alleges, "Starting in 2013, [] Defendants worked together to convince Jitendra and Paresh Doshi that the Property was essentially worthless, when they were aware that the Property was worth considerable amounts."  Id.  These allegations are sufficient to allege the existence of a conspiracy generally.  See Am. United Life Ins. Co., 480 F.3d at 1067.  Count V goes on to detail the manner in which the alleged conspiracy was carried out, and it includes with sufficient specificity the who, what, when, where, and how.  See Mizzaro, 544 F.3d at 1237. As to Defendants Ryan Burress and Mahendra Doshi, Count V specifically alleges they both "knew of and agreed to the scheme to defraud Jitendra and Paresh Doshi," Am. Compl. at 14 ¶¶ 70-71, and Count V alleges the actions these Defendants took in furtherance of the

conspiracy, see id. at 13-14.  Accordingly, count V, for conspiracy to defraud, is sufficiently pled and need not be dismissed at this stage.[3]

## V.  Conclusion

In accordance with the foregoing, it is

**RECOMMENDED THAT**:

1.      Defendants' Motion to Dismiss Amended Complaint (Doc. No. 22) be **DENIED**; and

2.      Defendants be ordered to respond to the Amended Complaint (Doc. No. 20) within **fourteen (14) days** of the entry of an Order on the Motion.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 30, 2019.

James R. Klindt

**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record

---

[3]      The undersigned notes that, at the time the Response was filed, Defendants' depositions had not been taken.  See Response at 6.  As found herein, Plaintiffs nonetheless alleged in the Amended Complaint with sufficient particularity at this stage the conspiracy to defraud with respect to each Defendant.  Discovery has now concluded.  See Order (Doc. No. 38), entered November 16, 2018 (extending discovery for limited purposes to January 8, 2019).  Obviously, depending on what was discovered factually, the conspiratorial allegations and other allegations addressed herein may be appropriate for summary judgment motions, that are due on March 8, 2019.  See id.