UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARESH DOSHI and JITENDRA DOSHI,

    Plaintiffs,

vs.

    Case No. 3:17-cv-308-J-34JRK

MAHENDRA F. DOSHI, et al.,

    Defendants.
_____/

## ORDER

This **CAUSE** is before the Court on Defendants Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 42, Motion), filed March 8, 2019. Paresh Doshi and Jitendra Doshi filed their Amended Complaint on March 13, 2018 (Doc. 20, Amended Complaint), asserting claims of fraud, breach of fiduciary duty, and conspiracy against the Defendants arising from a transfer of real estate.[1] Plaintiffs have filed a response to Defendants' Motion. See Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 46, Response), filed March 29, 2019. For the reasons stated below, the Defendants' Motion is **TAKEN UNDER ADVISEMENT** and the Court will schedule a hearing on the matter.

Briefly described, the instant controversy arises out of the successive transfers of a parcel of real property (the Property) between friends and relatives.[2] As relevant here,

---

[1] The Court notes that four of the five parties in this action share the same last name. For the sake of clarity, the Court will refer to the individuals by their first and last names, or solely by their first names.
[2] The Court sets forth a general overview of the facts here solely for the purposes of alerting the parties of

1

Jitendra Doshi and Mahesh Doshi[3] initially acquired the Property at issue in 1994, through an entity they shared, Doshi, Inc. (Doshi, Inc.). See Doc. 42-1 at 4-6, 17 (Property and Business Entity Records); Doc. 42-6 at 5 (Affidavits). In 2006, Jitendra and Mahesh transferred Doshi, Inc.'s interests (i.e., the Property) to D&D JAX, LLC (D&D JAX). See Affidavits at 6; Property and Business Entity Records at 7-9, 18-22.

Then, in 2009, Jitendra and Mahesh transferred D&D JAX's interests to Cagle Road Land LLC (Cagle Road LLC). See Doc. 49 at 8, 9 (Mahesh Doshi Deposition); Property and Business Entity Records at 10-11.[4] At the time of the transfer, Paresh Doshi and Mahendra Doshi[5] were the sole members of Cagle Road LLC, each holding a fifty percent interest in the entity. Doc. 42-4 at 24 (Jitendra Doshi Deposition); Paresh Doshi Deposition at 19. During the time Cagle Road LLC held the Property, Mahesh performed maintenance and oversight for the Property, and communicated with Paresh, Mahendra, and Jitendra about the Property's status. Mahesh Deposition at 10, 11, 13, 15. However, Mahesh was not listed on any of the Cagle Road LLC documents as a member of the business entity, or as a manager. Property and Business Entity Records at 24-25.

In 2013, at the recommendation of Mahesh, Paresh and Mahendra transferred the entirety of their interests in Cagle Road LLC to CRLAG FLA, LLC (CRLAG) for $20,000. See Doc. 42-2 at 14, 28 (Jitendra Doshi Interrogatory); Mahesh Doshi Deposition at 25; Paresh Doshi Deposition at 23, 25-28, 40-41; Property and Business Entity Records at

---

the legal issues to be addressed at the upcoming hearing. The overview is not intended to represent the Court's findings of facts and is in no way dispositive.

[3] It does not appear that Jitendra and Mahesh are related.

[4] In referencing depositions, the Court will use the page numbers assigned by the Court's CM/ECF docketing system.

[5] It does not appear that Paresh and Mahendra are related. However, Paresh is Jitendra's cousin, and Mahendra is Mahesh's uncle. See Mahesh Doshi Deposition at 3; Doc. 42-5 at 12 (Paresh Doshi Deposition).

29-30.  In the document memorializing the transfer of interests between Cagle Road LLC and CRLAG, Ryan Burress signed as the Manager on behalf of CRLAG, and Mahendra and Paresh signed on behalf of Cagle Road LLC.  <u>See</u> Property and Business Entity Records at 29-30.  Additionally, the transfer agreement indicated that upon the transfer, "Mahendra Doshi and Paresh Doshi hereby resign from any and all offices which they may hold in" Cagle Road LLC.  <u>Id.</u> at 30.  Plaintiffs contend that when Paresh and Mahendra transferred their interests in Cagle Road LLC to CRLAG, the men did not know that Mahesh was the sole member of the buying entity.  <u>See</u> Jitendra Doshi Deposition at 37-38; Mahesh Doshi Deposition at 25-26; Paresh Doshi Deposition at 13-14.  After purchasing Cagle Road LLC's interests from Paresh and Mahendra for $20,000, Mahesh resold the Property for $775,000.  <u>See</u> Mahesh Deposition at 32; Property and Business Entity Records at 12.

As a result of the foregoing, Jitendra Doshi and Paresh Doshi, as individuals, brought the instant action against Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress, as individuals, asserting various claims of fraud as well as breach of fiduciary duty and civil conspiracy.  <u>See</u> <u>generally</u> Amended Complaint.[6]  The Defendants subsequently filed their Motion, which is currently before the Court.  Upon review of the parties' filings, the Court determines that a hearing is warranted to address whether Paresh Doshi, or alternatively, Cagle Road LLC, is the proper party plaintiff in this action, in addition to the other matters raised in the parties' filings.[7]

---

[6] Jitendra Doshi and Paresh Doshi are citizens of New York.  Mahendra F. Doshi, Mahesh Doshi, and Ryan K. Burress are all citizens of Florida.  Likewise the amount in controversy in this matter exceeds $75,000.  <u>See</u> Amended Complaint at ¶¶ 2-7.  Therefore, this Court exercises diversity jurisdiction over the matter.  <u>See</u> <u>Keller v. Miami Herald Pub. Co.</u>, 778 F.2d 711, 714 (11th Cir. 1985) (citing <u>Erie Railroad v. Tompkins</u>, 304 U.S. 64, 78 (1938)); <u>Allstate Ins. Co. v. Clohessy</u>, 32 F. Supp. 2d 1328, 1330 (M.D. Fla. 1998).  As such, Florida law governs the resolution of the Plaintiffs' claims.

[7] As referenced above, this case involves several property transactions between multiple business entities

3

Paresh claims that he was injured when Cagle Road LLC transferred its interests in the Property to CRLAG for $20,000, at the prompting of, and on the basis of representations made by Mahesh. See Amended Complaint at ¶¶ 67, 74-75. At the time of the transfer, however, while Paresh was a member of Cagle Road LLC, it was Cagle Road LLC, and not Paresh, that owned the Property. See Property and Business Entity Records at 10-11, 29-30. In this context, under Florida law damages resulting from membership in an LLC may be brought directly in an individual suit

> only if (1) there is a direct harm to the shareholder or member such that the alleged injury does not flow subsequently from an initial harm to the company and (2) there is a special injury to the shareholder or member that is separate and distinct from those sustained by the other shareholders or members.

Dinuro Investments, LLC v. Camacho, 141 So. 3d 731, 739–40 (Fla. 3d Dist. Ct. App. 2014). See also Mahoney v. Wells Fargo Bank, N.A., No. 8:19-cv-118-T-02SPF, 2019 WL 1901011, at *1 (M.D. Fla. Mar. 20, 2019) ("Under Florida law, a member of an LLC may not bring a derivative claim in his or her individual name."); Hudder v. City of Plant City, No. 8:14-cv-1686-T-EAK-EAJ, 2014 WL 7005904, *1 (M.D. Fla. Dec. 10, 2014) (LLC is real party in interest, rather than member of LLC); Home Title Co. of Maryland, Inc. v. LaSalla, 257 So. 3d 640, 643 (Fla. 2d Dist. Ct. App. 2018) ("Generally, a . . . member of an LLC may not maintain an action in his or her own right if the cause of action is derived from the right of the . . . LLC to bring the action. In other words, if the injury is primarily against the [LLC], or the [members] generally, then the cause of action is in the [LLC] and the individual's right to bring it is derived from the [LLC].").

---

in which the parties have varying membership interests. It was not until the Court had an opportunity to review the record developed for summary judgment that the interwoven nature of these different transactions and business arrangements became fully evident to the Court, thereby raising the question of whether either Cagle Road LLC or Paresh Doshi is a proper party plaintiff in this action.

4

Notably, Florida Statutes section 605.0110 provides that

> (1) [a]ll property originally contributed to the limited liability company or subsequently acquired by a limited liability company by purchase or other method is limited liability company property.
> (2) Property acquired with limited liability company funds is limited liability company property. [And]
> . . . .
> (4) A member of a limited liability company has no interest in any specific limited liability company property.

FLA. STAT. ANN. § 605.0110. The statute further instructs

> (1) [s]ubject to subsection (2), a member may maintain a direct action against another member, a manager, or the limited liability company to enforce the member's rights and otherwise protect the member's interests, including rights and interests under the operating agreement or this chapter or arising independently of the membership relationship.
> (2) A member maintaining a direct action under this section must plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company.

Id. at § 605.0801. Conversely,

> [a] member may maintain a derivative action to enforce a right of a limited liability company if:
> (1) The member first makes a demand on the other members in a member-managed limited liability company or the managers of a manager-managed limited liability company requesting that the managers or other members cause the company to take suitable action to enforce the right, and the managers or other members do not take the action within a reasonable time, not to exceed 90 days; or
> (2) A demand under subsection (1) would be futile, or irreparable injury would result to the company by waiting for the other members or the managers to take action to enforce the right in accordance with subsection (1).

Id. at § 605.0802. In light of the foregoing, it appears that if any harm arising from the transfer between Cagle Road LLC and CRLAG is properly attributed to Cagle Road LLC, then Cagle Road LLC would be the proper plaintiff, as opposed to Paresh. See Hudder,

2014 WL 7005904 at *1 ("It is axiomatic that '[a]n action must be prosecuted in the name of the real party in interest.'") (quoting Fed R. of Civ. Pro. 17 (Rule(s))).[8]

Accordingly, it is **ORDERED**: This matter is set for a hearing regarding the foregoing question of standing and identification of a proper plaintiff, in addition to the other matters raised in the parties' filings. The hearing will occur at **2 p.m., Tuesday, October 22, 2019**, before the Honorable Marcia Morales Howard, United States District Judge, at the United States Courthouse, 300 N. Hogan Street, Courtroom No. 10B, Tenth Floor, Jacksonville, FL.[9]

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of October, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record

---

[8] Further complicating this analysis is that when Cagle Road LLC transferred its interests to CRLAG, Paresh "transfer[ed] . . . one hundred percent (100%) of [his] membership interests of [Cagle Road LLC] . . . to the Buyer," CRLAG. Property and Business Entity Records at 29. Likewise "Paresh Doshi . . . resign[ed] from any and all offices which [he held] in" Cagle Road LLC. Id. at 30.

[9] All persons entering the courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse Lawyer identification card will suffice) or Order of Special admission pro hac vice. However, all cell phones must be turned off while in the courtroom.